**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 12-00630 |
| | ) | |
| BORO NEDINIC and NEVENKA NEDINIC, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| Debtors. | ) | |
| | ) | **Hearing Date:** April 6, 2016 |
| | ) | **Hearing Time:** 10:00 a.m. |
| | ) | **Room No.:** 613 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

Name of Applicant: FrankGecker, LLP

Authorized to Provide
Professional Services to: Frances F. Gecker, Chapter 7 Trustee of the Estate of BORO NEDINIC and NEVENKA NEDINIC

Period for Which
Compensation is Sought: February 24, 2012 through February 17, 2016

Amount of Fees Sought: $10,062.50

Amount of Expense
Reimbursement Sought: $ 96.64

This is a: First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{NEDINIC/001/00045445.DOC/}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-00630 |
| | ) | |
| BORO NEDINIC and NEVENKA NEDINIC, | ) ) | Chapter 7 |
| | ) | Honorable Deborah L. Thorne |
| Debtors. | ) | |
| | ) | Hearing Date: April 6, 2016 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 613 |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on **April 6, 2016 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Deborah L. Thorne in her usual Courtroom No. 613 in the Dirsken Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **FRANKGECKER LLP'S FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO CHAPTER 7 TRUSTEE**, a copy of which is attached hereto and hereby served upon you.

Dated:  February 25, 2016

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of BORO NEDINIC and NEVENKA NEDINIC

By:   /s/   *Micah R. Krohn*
One of her attorneys

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:  (312) 276-1400
Fax:  (312) 276-0035
mkrohn@fgllp.com

{NEDINIC/001/00045445.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-00630 |
| | ) | |
| BORO NEDINIC and NEVENKA NEDINIC, | ) ) | Chapter 7 |
| | ) | Honorable Deborah L. Thorne |
| Debtors. | | |

### FIRST AND FINAL APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF BORO NEDINIC AND NEVENKA NEDINIC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of **BORO NEDINIC AND NEVENKA NEDINIC** (the "Debtors"), hereby submits this first and final fee application ("Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $10,062.50 for legal services performed as counsel to the Trustee during the period of February 24, 2012 through and including February 17, 2016 (the "Application Period") and reimbursement of expenses totaling $96.64 incurred in connection with those services.  In support of the Application, FrankGecker LLP ("FG") respectfully represents as follows:

### INTRODUCTION

1. On January 10, 2012 (the "Petition Date"), the Debtors filed a voluntary chapter 7 petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Case").

2. Frances Gecker is the duly appointed Trustee in the Case.

3. The Section 341 meeting of creditors was held on May 10, 2012 (the "341 Meeting").

4. On April 25, 2012, this Court entered an order authorizing the Trustee to retain FG as her counsel retroactive to February 24, 2012.

5. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6. The assets of this case consisted of $17,500.00 paid to the estate pursuant to a settlement resolving an adversary proceeding filed in the Case.

7. The Trustee's investigation in this Case revealed a fraudulent transfer made to Ratko Pavlovic (the "Defendant") in connection with Debtors' 100% ownership interest in the vacant lot known as Lot 32, Block 17 Vereda Subdivision, Hot Springs Village, Arkansas (the "Real Estate") to the Defendant via warranty deed.

8. FG ultimately negotiated a settlement whereby Ratko Pavlovic would pay the estate $17,500 in resolution of the dispute, in an effort to avoid both the risk of uncertainty and the significant expense inherent in continued litigation.

9. On July 15, 2013, the Court approved trustee's motion to approve settlement.

10. This Application seeks allowance of all fees and expenses incurred by FG from February 24, 2012 through and including February 17, 2016. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.     SERVICES PERFORMED**

**A.     Litigation                                                                                          $8,740.00**

FG spent 22.40 hours during the Application Period on issues relating to the investigation into fraudulent transfers, preparation and filing of two adversary complaints and negotiation of a settlement. The litigation resulted in a settlement agreement whereby the defendant agreed to pay $17,500 to the estate in resolution of the dispute.

**B.     Retention of Professionals/Fee Applications                                   $1,176.50**

FG spent 4.10 hours at a cost of $1,176.50 on issues relating to drafting, filing and appearing in court to employ Trustee's counsel and preparing a final fee application. Within this matter, FG spent 3.10 hours reviewing time and billing invoices and preparing this final fee application at a cost of $746.50, which is approximately two percent (1%) of the fees sought in this final fee application.

**C.     Sale of Assets                                                                                   $146.00**

FG spent 0.40 hours at a cost of $146.00 on issues relating to real estate owned by the Debtors in Florida and communications with a potential buyer.

**II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.     Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz from 1992 through 1994. Mr. Krohn specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases for more than 20 years.

B.     Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board

of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

C. <u>Christina S. Smith</u> (CSS) is a bankruptcy paralegal at FrankGecker LLP.  Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years and has experience working on debtor, creditor and trustee representations.  Ms. Smith assisted counsel in case research and case administration.

### III.  **CALCULATION OF TIME AND FEES**

1. This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG.  This fee application applies to fees and expenses incurred by FG from February 24, 2012 through February 17, 2016.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the Case and were rendered for the benefit of the Trustee and the Debtor's estate.  No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

2. FG has also written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

3. In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee.  The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients.

4. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

5. To aid the Court in its review of this material, FG has prepared its time exhibit by topic as presented in the attached Exhibit A.  For purposes of this Application, counsel has used categories.  Most of these categories are substantive.  The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

6. FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

7. No compensation has been promised to FG, other than as disclosed or approved by this Court.  FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.  Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $10,062.50;

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $96.64 and

    C.    Authorizing the Trustee to pay FrankGecker LLP reduced compensation and expense reimbursement in the total amount of $10,159.14.

| | |
|---|---|
| Dated: February 25, 2016 | Respectfully submitted, |
| | FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of BORO NEDINIC and NEVENKA NEDINIC |
| | By: /s/ *Micah R. Krohn* <br>     One of her attorneys |

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com